UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

5200 ENTERPRISES LIMITED,

    Appellant,

v.                                      Case No. 3:19-cv-1045-J-39

CITY OF NEW YORK,

    Appellee.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Appellant's Request for Direct Appeal to the United States Court of Appeals for the Eleventh Circuit (Doc. 10) filed October 8, 2019, and Appellee's response in opposition (Doc. 15).

### A. Background

In 1892, a building was constructed at 5200 First Ave., Brooklyn, NY 11232 (the "Property") that was used by Appellee, the City of New York (the "City"), as an electrical power plant for the City's trolley system. (Doc. 5-8 at ¶ 16). The City owned the Property from 1940 until approximately 1951, when it sold the Property to a third party. Id. at ¶¶ 16, 19. During its ownership, the City dismantled the power plant, including the removal of a smokestack, and buried various materials from the smokestack in a basement area under the Property. Id. at ¶ 17. The City then covered the basement area with a raised concrete slab, creating a higher elevation for the Property. Id.

Appellant, a single asset real estate entity, purchased the Property in 1986 and sought to lease it back to the City. Id. at ¶ 20. In 1987, while formalizing the lease, the City conducted an asbestos inspection and found hazardous materials throughout the

Property, including in the basement area where the City had buried the smokestack and other materials. Id. at ¶¶ 10-14. The City began the process of remediating the Property in 1989, which lasted until approximately 2017.

Appellant filed for Chapter 11 bankruptcy in May 2018. (Doc. 1-2 at 2). Appellant filed an adversary proceeding against the City in February 2019, alleging causes of action for continuous trespass and declaratory judgment. (Doc. 5-8). Appellant's claims are premised on a theory set forth in the Restatement (Second) of Torts, § 161, which allows for a claim of trespass where a predecessor in interest tortuously places an item on a property and leaves said item after it relinquishes possession of the property. (Doc. 10 at 2-3).

The City moved to dismiss the adversary proceeding in April 2019. (Doc. 5-11). The motion to dismiss is premised on Appellant being unable to assert a theory of continuous trespass because all the City's conduct occurred while the City owned the Property. (Doc. 1-2 at 5). Therefore, the City argues, there can be no unlawful intrusion onto the Property, since there is no allegation that the City entered the Property following its sale. Id. The bankruptcy court entered an order granting the City's Motion to Dismiss in August 2019, which was a final decision with respect to both claims brought by Appellant in the adversary proceeding. Id. This appeal followed.

On October 8, 2019, Appellant filed a request to have the Court certify this appeal pursuant to 28 U.S.C. § 158(d)(2) so that it could be sent directly to the Eleventh Circuit. (Doc. 10). Appellant's request is timely.[1] The City has filed a response to

---

[1] A request under 28 U.S.C. § 158(d)(2)(B) must be made within sixty days of the order, judgment, or decree being appealed. 28 U.S.C. § 158(d)(2)(E).  In this case, the

Appellant's request, noting it is unopposed to a direct appeal but objects to Appellant's phrasing of the questions to be certified to the Eleventh Circuit. (Doc. 15). However, the City has not stated in what ways Appellant's questions are objectionable or provided the Court with alternative questions for certification.

### B.  Discussion

Normally, the district court has jurisdiction to hear appeals from final judgments, orders, and decrees from the bankruptcy court. 28 U.S.C. § 158(a). However, under 28 U.S.C. § 158(d)(2), Congress created a means to bypass the district court's review and have an appeal heard directly by the appropriate circuit court. For these procedures to apply, the district court must certify that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceedings in which the appeal is taken.

Id. If a certification is made, the appropriate court of appeals will then decide whether to authorize the direct appeal. Id.

In this action, Appellant has requested this Court certify the following issues for direct appeal:

> **First Question**:  Whether the State of New York should adopt the elements of continuous trespass as set forth in the Restatement approach, which would allow a current landowner to bring a cause of action for

---

subject order was entered on August 13, 2019 and Appellant's request was filed on October 8, 2019.

continuous trespass against a prior owner that contaminated the property with hazardous waste when it owned the property it contaminated.

**Second Question**: Whether 11 U.S.C. § 505 is substantive or procedural in nature thereby vesting a debtor and creditors in an adversary proceeding stemming from bankruptcy with the right to equitably adjust pre-2005 ad valorem taxes.

(Doc. 10 at 7).

Appellant contends two of the above grounds under 28 U.S.C. § 158(d)(2) exist in this case that require certification of the first question for direct appeal: (i) a question of law for which there is no controlling decision by the Eleventh Circuit or the Supreme Court of the United States; and (iii) an issue for which the immediate appeal to the circuit court would materially advance the progress of the case.

Per its plain language, § 158(d)(2)(A)(i) authorizes a direct appeal to the appropriate circuit court where there is no controlling decision of law from the appropriate circuit court or the Supreme Court of the United States. The specific issue presented by this case – whether New York courts will adopt a continuous trespass claim consistent with Appellant's interpretation of the Restatement (Second) of Torts, § 161 in light of the facts and circumstances alleged in this case – has not been addressed by the Eleventh Circuit or the Supreme Court of the United States. The underlying issue is one of New York state law which has also not yet been addressed by the New York Court of Appeals.

Rather, the City and the bankruptcy court rely on an opinion from the Eastern District of New York that speculates as to what New York courts would do if presented with a similar case. 55 Motor Ave. Co. v. Liberty Indus. Finishing Corp., 885 F. Supp. 410, 424 (E.D.N.Y. 1994). The 55 Motor court, in evaluating a factually similar case, stated "New York Courts have not addressed a trespass claim on facts similar to this instant

case," but went on to find "this Court does not believe that New York courts would follow the California precedent and eliminate the basic element of a trespass claim, namely, the invasion of the property of another." Id.

The Court acknowledges 55 Motor as persuasive to the issues presented in this case and does not fault the bankruptcy court's use of 55 Motor as such. However, the opinion from the Eastern District of New York is not binding on New York state courts and represents speculation on the ultimate issue of state law. It is not the type of controlling circuit court precedent contemplated by § 158(d)(2) that would preclude a direct appeal. Therefore, in the absence of authority from a controlling circuit court or the Supreme Court, a direct appeal to the Eleventh Circuit would be appropriate in this instance.

Additionally, § 158(d)(2)(A)(iii) contemplates a direct appeal to the appropriate circuit court when doing so would materially advance the progress of the underlying case. Both parties to this action support a direct appeal, which the Court believes will conserve judicial resources and those of the parties without creating additional work for the Eleventh Circuit. A definitive legal ruling on Appellant's ability to assert a claim for continuous trespass against the City is vital to the resolution of the underlying bankruptcy action, as the potential continuous trespass claim is the largest and potentially only asset of value available to the estate.

To obtain a definitive ruling, Appellant is seeking to invoke Rule 500.27 of the New York Court of Appeals Rules of Practice, which creates discretionary jurisdiction for the New York Court of Appeals to consider certified questions. However, Rule 500.27 can only be invoked by the Supreme Court, any United States Court of Appeals, or the highest court of another state—not a United States District Court. Since this procedural

mechanism can only be employed by the Eleventh Circuit and not this Court, a direct appeal would hasten Appellant's efforts to certify the issue to the New York Court of Appeals for clarification.

Finally, the Court turns to the second question Appellant seeks to certify for direct appeal. Though Appellant does not provide the same analysis or support for the second question as it does the first, the Court finds the second question on appeal is also appropriate for certification. Like the first question, the Court is unaware of any Eleventh Circuit or Supreme Court of the United States precedent regarding the ability of a bankruptcy court to adjudicate the amount of ad valorem taxes which were assessed prior to the 2005 enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act.[2] Similarly, by keeping both issues on appeal together, it reduces the likelihood of piecemeal adjudication and encourages the conservation of judicial resources, which will in turn materially advance the progress of the case. See Cobbledick v. U.S., 309 U.S. 323, 325 (1940) (discussing Congress' intent to establish a strong federal policy against piecemeal disposition on appeal).

Accordingly, after due consideration, it is

**ORDERED:**

1.     The Plaintiff's Request for Direct Appeal to the United States Court of Appeals for the Eleventh Circuit (Doc. 10) is **GRANTED.**

---

[2] The Eleventh Circuit, in dicta, has previously made reference to the implications of § 505(a)(2)(C) and the reasons for its enactments, but has not definitively ruled on the bankruptcy court's ability or inability to adjudicate pre-2005 ad valorem tax assessments under the 2005 amendments to the Bankruptcy Code. See Dubov v. Read, 692 F.3d 1185, 1191 (11th Cir. 2012).

2. The Court will issue a separate certification consistent with this Order, as required by Fed. R. Bankr. P. 8006(f)(5).

**DONE** and **ORDERED** in Jacksonville, Florida this 16th day of July, 2020.

_____
BRIAN J. DAVIS
United States District Judge

6
Copies furnished to:

Counsel of Record